UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ESTHER B. GRANT,<br><br>   Plaintiff,<br> v.<br><br>JOHN E. POTTER, POSTMASTER GENERAL, USPS,<br><br>   Defendants. | Case No.: C 05-04983 PVT<br><br>**ORDER DENYING PLAINTIFF ESTHER B. GRANT'S MOTION FOR RECONSIDERATION** |

Plaintiff Esther B. Grant moves for reconsideration of the order dismissing claims relating to her employment at the Saratoga Post Office and claims related to her disability. *See* Order Granting in Part and Denying in Part Motion to Dismiss. ("October 24, 2006 Order"). Defendant John E. Potter opposes the motion.

To prevail on a motion for reconsideration, the moving party must show the following:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party must also show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ L.R. 7-9(b).

As an initial matter, a party may not notice a motion for reconsideration without first obtaining leave of court to file the motion. Civ. L.R. 7-9(a). Plaintiff Grant did not obtain leave of court to file the motion. Notwithstanding plaintiff's failure to obtain leave of court to file the motion, she has not met any of the requirements set forth in Rule 7-9(b). Her only grounds for reconsideration include the parties' joint case management statement that identified the claims of disability and retaliation as a principal legal issue and defendant Potter's various discovery requests which related to plaintiff's medical information. Additionally, the second amended complaint does not contain a claim related to retaliation or the injury plaintiff allegedly incurred at the Saratoga Post Office. *See* Second Amended Complaint dated June 9, 2006. Accordingly, plaintiff's motion for reconsideration is denied.[1]

IT IS SO ORDERED.

Dated:   *August 4, 2008*

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 2*

1  Copies of this order were mailed on August 1, 2008 to the following:

2  Esther B. Grant
   33 Clifton Avenue
3  Los Gatos, CA 95030-6805

4

5                                           _____EHP_____
                                            Chambers of U.S. Magistrate Judge
6                                              Patricia V. Trumbull